No. 5953.

ROBERT J. BROOKS *v.* SANGER BROTHERS.

1. PLEADING—DAMAGES.—A petition which alleges that the defendant had, "without probable cause, wrongfully, maliciously and unlawfully, and with intent to injure, harrass and oppress plaintiff, sued out a writ of attachment and had the same levied on plaintiff's property (stating its value), and caused the same to be sold thereunder, and that plaintiff had been damaged by the unlawful seizure of his property, and by the suing out by defendant of the wrongful, willful and malicious attachment, in the sum of ten thousand dollars," states substantially a cause of action.

APPEAL from McLennan. Tried below before the Hon. B. W. Rimes.

This suit was brought against Sanger Brothers by the appellant to recover damages. Among other allegations, the petition contained a charge that Samuel Sanger, one of the appellees, falsely swore that the debt against appellant, to secure which his property was attached, was due for property obtained under false pretenses; that appellant made no false pretense; that the charge was false and malicious, and was intended to injure and did injure the appellant in his fair name and character. The petition alleged, as a consequence of the affidavit and attachment, damage to his property and in his good name and character "as a good citizen, by reason of the making of the malicious publication of the affidavit for attachment as aforesaid by defendant, and the suing out by them of said wrongful, willful and malicious attachment as aforesaid, to his damage ten thousand dollars."

The opinion refers to other charges in the petition.

To this petition defendant filed a general demurrer and special exceptions upon the following grounds:

Second.  That the pretended libel of which plaintiff complains, was, as shown in the petition, filed and used in a legal proceeding, and constituted defendants ground for attachment in such proceeding, which was a ground authorized and permitted under the laws of this State for the suing out an attachment, wherefore defendants say that a suit for libel can not be maintained by reasons of statements and proceedings used in the course of such judicial proceeding as shown by plaintiff's petition.

Third.  That no cause of action is shown, because injury, if any, to good name and reputation, furnishes no right of action for the levy of a writ of attachment.

Fourth.  That the petition contains no allegation showing injury to credit, or other legal damage whatever.

The court gave judgment sustaining the second, third and fourth special exceptions, and plaintiff refusing to amend, judgment was rendered dismissing the suit, to which rulings of the court plaintiff excepted, and gave notice of appeal.

*W. S. Baker* and *Alexander & Winter,* for appellant: On their proposition that the plaintiff's petition is sufficient, in charging the defendant with not only wrongfully but having unjustly, falsely and maliciously, and without probable cause, procured the issuance of the attachment, charging the plaintiff with the commission of a felony, he cited  Penal Code, art. 273 (False Pretenses); Revised Statutes, art 3202 (Action for libel or slander); Walcott v. Hendrick, 6 Texas, 420 (If malice, may recover exemplary damages); Culbertson v. Cabeen, 29 Texas, 255, 256; Gable v. Weisensee, 49 Texas, 138; 5 Texas Law Review, 159; Drake on Attachment, 733, 745; 2 Greenleaf on Evidence, 453; 18 Central Law Journal, 242, and authorities cited; 12 American Decisions, 267, 268; 1 Hilliard on Torts, 443, 447; Cooley on Torts, 187.

That the court erred in sustaining defendant's exception numbered "3," in holding that injury to good name and reputation furnishes no ground for action, because in cases for malicious prosecution injury to good name and reputation are proper elements of damage they cited 5 Texas Law Review, 159; 4 Texas Law Review, 90, 91; 2 Addison on Torts, sec. 882; 3 Sutherland on Damages, 703, 704; Drake on Attachment, sec. 745, 745, and authorities cited; 2 Greenleaf on Evidence, sec. 456.

*Herring & Kelley,* for appellees, contended that the court did

not err in sustaining appellees' exception to appellant's petition; that the petition showed that it was a suit for libel based upon an affidavit made in the course of a judical proceeding, which under the law is not actionable; citing Criminal Code, art. 641; Townshend on Slander and Libel, 352, 353; Cooley on Torts, 214; Starkie on Slander and Libel, 263, 264; Lunning v. Christie, 27 American Reports, 431; Hardin v. Comstock, 2 A. K. Marshall, 480; Garr v. Selden, 4 New York (4 Comstock), 91; Lea v. White, 4 Sneed (Tennessee), 111; 3 Jacob's Fisher's Digest, 4031; United States Digest (1870), 463 clause, 3; United States Digest (1871), 444.

That the court did not err in holding that injury to good name, credit and reputation, furnished no right of action for the levy of an attachment, they cited Kaufman v. Wicks, 62 Texas, 234.

ACKER, JUDGE. The only question presented by the record in this case is, are there sufficient allegations remaining in appellant's petition, as stated, and to show a cause of action against appellees, after giving effect to the special exceptions sustained by the court. The court below, and counsel for appellees, appear to have considered the case an action to recover damages for the libel alleged to have been committed, in making and publishing the affidavit for attachment. Counsel for appellant insist in their brief that the suit is an action for "malicious prosecution," or to recover damages for the wrongful and malicious use of the writ of attachment. We confess that we have experienced much difficulty in determining, from the petition, just what the pleader intended to state, as constituting appellant's cause of action. The petition contains eight pages closely written in small type upon a typewriter, and is largely made up of allegations of wrongs suffered, and damages to fair name and character, by reason of being falsely accused by appellees of the commission of a crime, in alleging in their affiadavit for attachment that the debt sued for was due for property obtained under false pretenses. The petition is very prolix, and contains very many statements and allegations that could subserve no useful purpose.

We believe, however, that, leaving out of consideration so much of the petition as comes fairly within the purview of the special exceptions sustained by the court, it appears from the remainder of the petition that a cause of action is substantially stated. It is alleged that appellees, without probable

cause, wrongfully, unlawfully and maliciously, and with intent, to injure, harrass and oppress appellant, sued out a writ of attachment and had appellant's property, of the value of fifty dollars and eighty cents, seized thereunder and sold; and that appellant had been damaged by the unlawful seizure of his property and the suing out by appellees of the wrongful, willful and malicious attachment, in the sum of ten thousand dollars.

We think the court erred in dismissing the suit, and for this error we are of opinion that the judgment of the district court should be reversed and the cause remanded.

*Reversed and remanded.*

Opinion adopted October 28, 1887.